IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 06-cv-02187-RPM

DANIEL VIGIL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER AFFIRMING DECISION
_____

After hearings held by an Administrative Law Judge ("ALJ") on November 13, 2003, and July 26, 2005, the application of Daniel J. Vigil for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act were denied based on the ALJ's written decision of October 31, 2005. In essence, the ALJ found that the claimant's testimony and statements to health care providers concerning the functional limitations resulting from chronic pain were not fully credible because they were not supported by objective medical tests and were inconsistent with his described daily activities.

The claimant was represented by counsel at both hearings and his attorney submitted an extensive brief to the Appeals Council with additional evidence consisting of a Functional Assessment Form completed by his primary treating physician, Dr. Centeno and his physician's assistant, Ms. Bock, a Pleading Impairment Form completed by Dr. Regan and a worker's compensation settlement agreement. The

Appeals Council affirmed the ALJ's decision without comment on the additional evidence.

Daniel Vigil was employed as a bus driver on July 17, 2001, when he sustained injuries when his bus was struck by a large truck in a rear end collision. He has undergone extensive conservative treatment for neck and back injuries described as neck sprains and back sprains with chiropractic, physical therapy practitioners and pain management by narcotic and other medications. He has not had substantial gainful employment since May, 2002. Much of Mr. Vigil's care has been through worker's compensation with a final stipulation for settlement in April, 2006, stipulating to a 34% medical impairment for his low back, cervical spine, ilioinguinal nerve and psychological injuries with a lump sum payment. R. 617-621.

The ALJ denied disability at Step 4 of the five step sequential process, finding that Mr. Vigil has the residual functional capacity to return to his past relevant work as an instructor of technical training, DOT #166.221-010, as that job is generally performed. Alternatively, the ALJ made a Step 5 determination that Mr. Vigil is capable of other work including cashier, production assembler and nuts and bolts assembler.

In this judicial review under 42 U.S.C. § 405(g), the claimant asserts three reversible errors as follows:

- A. The ALJ committed reversible error in failing to re-contact Mr. Vigil's treating medical provider as required by 20 C.F.R. § 404.1512(e).

- B. The ALJ erred by failing to consider the effects of Mr. Vigil's mental impairments on his ability to work.

- C. The ALJ erred by determining Mr. Vigil could return to his past relevant work without making the appropriate findings.

The requirement of the regulation is that the treating physician, in this case Dr. Centeno, must be re-contacted when there is a conflict or ambiguity in the medical source reports that must be resolved or when the report does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. In this case, an orthopedist, Dr. Michael Gurvey, testified as a medical expert at the second hearing before the ALJ. His testimony based on a review of the medical history of chronic lower back pain, neck pain, spine pain, chronic headaches and a cystic mass was from the perspective of an orthopedist. He expressed unfamiliarity with some of the terms used in Dr. Centeno's records and also declined to comment on headaches and other areas beyond his expertise.

The plaintiff's position that the ALJ failed to comply with the regulation would be well founded if the decision had been based only on Dr. Gurvey's testimony. The ALJ reviewed carefully all of the medical reports and the administrative record and demonstrated in some detail the inconsistencies between the claimant's subjective complaints and the objective medical tests. Mr. Vigil has had MRI's of the cervical, thoracic and lumbar spine and repeated independent evaluations, including that of Dr. Bruce Lockwood, M. D., whose extensive report of August 12, 2004, appears at R. 517-529. The claimant was also given a psychological evaluation by psychologist Maly Sayasane, Ph.D., whose report of August 5, 2003, appears at R. 466-471.

The ALJ relied extensively on Dr. Lockwood's report. The ALJ's own analysis of the other reports of record in the medical evidence was sufficient for his evaluation without further contacting Dr. Centeno. The plaintiff also asserts that the further report from Dr. Centeno's office submitted to the Appeals Council supports his claim of error.

The report adds nothing new except the conclusion that the claimant would miss at least three days of work each month. That is an opinion without new objective findings.

The second claim that the ALJ failed to consider the effects of Mr. Vigil's mental impairment on his ability to work is based on the reports of Dr. Sayasane and Dr. Regan. The latter is the report of January 19, 2006, submitted to the Appeals Council as a follow-up examination for worker's compensation evaluation of impairment. It appears at R. 604, showing a rating of 5% of the whole person for psychological impairment. Dr. Regan is an internist whose letter filed February 9, 2006, gives his impression of impairment from the other conditions, supporting a whole person impairment of 34%. There is nothing in these reports to support the contention that any psychological impairments are of sufficient severity to limit the claimant's residual functional capacity to perform jobs at the light exertional level.

The third claim of error is that the ALJ failed to analyze the claimant's past relevant work as an instructor of technical training. This claim is valid. There is little evidence in the record with respect to work done as an instructor of students aspiring to become licensed practical nurses. Mr. Vigil was not certain of his employer and his brief description of his work activities showed the need to do lifting beyond what the ALJ found were functional limitations. It also appears that this was only part time employment for a short time. The ALJ also relied on the vocational expert's testimony that even though his opinion did not correspond with the DOT, he could place reliance on his own performance of work as a teacher in a community college system. That was improper.

The Commissioner relies on the alternative finding and conclusion of the ALJ that the claimant could perform other work as cashier, production assembler and nuts and bolts assembler. This was the testimony of the vocational expert and the plaintiff has not addressed this alternative finding in the briefing here except to argue that because the determination at Step 4 was incorrect the evaluation at Step 5 cannot be considered. There is no merit to that argument and there is sufficient evidence in the record to support the Step 5 finding. Accordingly, the error at Step 4 is considered harmless.

Upon the foregoing, it is

ORDERED that the Commissioner's decision denying the applications is affirmed.

Dated: June 3rd, 2008

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge